PEOPLE, PLAINTIFF AND APPELLEE, v. VÉLEZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan in a Prosecution for Violation of the Internal Revenue Law.

No. 1590.—Decided December 13, 1920.

ALCOHOL — DISTILLING — INTERNAL REVENUE LICENSE — JURISDICTION. — A complaint which charges that the accused "maliciously and fraudulently distilled alcohol without having the corresponding internal revenue license," but fails to allege that the alcohol was distilled for medicinal, sacramental, industrial or scientific purposes, does not charge a violation of section 19 of the Excise Tax Law; and if it should be considered that the distilling constituted a violation of section 2 of the Jones Act, it would be necessary to hold that the district court had no jurisdiction.

The facts are stated in the opinion.
*Mr. E. H. F. Dottin* for the appellants.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Ramón Vélez and Julián Rivera were charged with the commission of the following act:

"They maliciously and fraudulently engaged in the distillation of alcohol during the three month from April to June, 1919, without having obtained the corresponding internal-revenue license required by section 17 of the Internal Revenue Law in force."

They were found guilty of having violated the said law.

An appeal having been taken from that judgment, the *Fiscal* of this court moved for its reversal on the ground that the facts alleged in the information did not constitute

the violation charged, inasmuch as it is not alleged that the defendants distilled or manufactured the alcohol for medicinal, sacramental, industrial or scientific purposes, the violation being rather of section 2 of the Jones Act, of which class of cases neither the municipal or the district court has jurisdiction, in accordance with the doctrine laid down by this court in the case of *People* v. *Torres, ante,* page 783.

The question is not new. On July 30, 1920, a case similar to the present, *People* v. *Fernández, ante,* page 791, was decided by this court in the sense indicated by the *Fiscal.*

For this reason the judgment appealed from must be reversed and the defendants discharged.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.